| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, California 90019<br>323 932-9439<br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | FOR COURT USE ONLY<br><br>FILED<br>MAY - 3 2022<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION** ▼ ||
| In re:<br><br>Kimberely Martin-Bragg<br><br><br><br><br><br>Debtor(s). | CASE NO.:2:16-BK-22878-BR<br><br>ADVERSARY NO.:2:16-AP-01543-BR<br>*(if applicable)*<br><br>CHAPTER: 7 |
| Ivan Rene Moore<br><br><br><br><br>Plaintiff(s) *(if applicable)*.<br>vs.<br>Kimberly Martin Bragg<br><br><br><br><br>Defendant(s) *(if applicable)*. | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

1.  Name(s) of appellant(s): Ivan Rene Moore

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☒ Plaintiff
☐ Defendant
☐ Other (*describe*):

ORIGINAL

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☒ Creditor
☐ Trustee
☐ Other (*describe*):

December 2015 | Page 1 | Official Form 417A

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:
   Ruling April 26 2022  (See attached documents Exhibit A)

2. The date the judgment, order, or decree was entered: __4-26-22__

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1. Party: Ronald Hills

   Attorney:
   1236 Redondo Blvd
   Los Angeles, California 90019

2. Party:

   Attorney:

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_____ Date: 05/03/2022
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
9463 1/4 S Normandie 90045

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/04/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See service List

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/4/2022 | Devra Allen | |
|---|---|---|
| Date | Printed Name | Signature |

| # | | |
|---|---|---|
| 1 | Joe & Helen Easton Invest C/O Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 | JP Morgan Chase Bank<br>700 Kansas Lane<br>Monroe, LA 71203-4774 |
| 3 | Kara Financial<br>C/O Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 | Kimberly Barbour<br>6150 Shenandoah Avenue<br>Los Angeles, CA 90056-2021 |
| 5 | LADWP<br>c/o National Recovery Agency<br>2491 Paxton Street<br>Harrisburg, PA 17111-1036 | Law Offices of Thomasina Reed<br>5777 W. Century Blvd., Suite 1125<br>Los Angeles, California 90045-5637 |
| 8 | Lee T Dicker<br>Leonard Dicker & Schreiber LLP<br>9430 Olympic Blvd<br>Beverly Hills, CA 90212-4552 | Loren Chaney c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 11 | Los Angeles Police Credit Union<br>16150 Sherman Way<br>Van Nuys, California 91406-3956 | Peter Baer c/o Nussbaum APC<br>27489 Agoura Rd, Suite 102<br>Agoura Hills, California 91301-2481 |
| 13 | Peter M Lively<br>The Law Offices of Peter M Lively<br>11268 Washington Blvd Ste 203<br>Culver City, CA 90230-4647 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| 15 | Pro Value Properties, Inc. c/o Nussbaum<br>27489 Agoura Rd, Suite 102<br>Agoura Hills, California 91301-2481 | Pro Value Properties, Inc.<br>5737 Kanan Road, Suite 487<br>Agoura Hills, California 91301-1601 |
| 17 | Pro Value Propeties, Inc.<br>5737 Kanan Road, Suite 487<br>Agoura Hills, California 91301-1601 | Radio Multi Media Investments c/o Ivan R<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 19 | Rene & Angela c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 | Rene Moore Music c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 21 | Rick Wilson c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 | Ronald Hills c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 23 | Rufftown Entertainment Group c/o Ivan Re<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 | Sam Essens c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 25 | Samayack/New Frontier c/o Ivan Rene Moor<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 | South Central Distribution c/o Ivan Rene<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 27 | Stone Busailah, LLP, Attn: Michael Willi<br>200 East Del Mar Boulevard, Suite 350<br>Pasadena, California 91105-2564 | Strategic Acquisitions, Inc., et al c/o<br>27489 Agoura Rd., Suite 102<br>Agoura Hills, California 91301-2481 |

| | |
|---|---|
| 1  Suti Music c/o Ivan Rene Moore<br>   1236 Redondo Blvd.<br>2  Los Angeles, California 90019-1546 | The Estate of IMA Moore c/o Ivan Rene Mo<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 3  The Moore Family Trust c/o Ivan Rene Moo<br>   1236 Redondo Blvd.<br>4  Los Angeles, California 90019-1546 | The Moore Family Trust c/o Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 |
| 5  United Broadcasting Group C/O Rene Moore<br>   1236 Redondo Blvd<br>6  Los Angeles, CA 90019-1546 | V.J. Chandran c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 7  Vann Johnson c/o Ivan Rene Moore<br>   1236 Redondo Blvd.<br>8  Los Angeles, California 90019-1546<br>9 | Wells Fargo Bank<br>c/o Michele Sabo Assayag<br>Assayag Mauss<br>2915 Redhill Ave Ste 200<br>Costa Mesa CA 92626-5916 |
| 10 Wells Fargo Bank<br>   P.O. Box 25341<br>11 Santa Ana, California 92799-5341<br>12 | WELLS FARGO BANK, N.A.<br>c/o ASSAYAG MAUSS, LLP<br>2915 Redhill Ave., Ste. 200<br>Costa Mesa, CA 92626-5916 |
| 13 WELLS FARGO, N.A.<br>   c/o Joshua K. Partington<br>   ASSAYAG MAUSS, LLP<br>14 2915 Redhill Avenue, Suite 200<br>   Costa Mesa, CA 92626-7978<br>15 | West Viking Studios c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 16 WRPRJ Investment Group<br>   C/O Rene Moore<br>   1236 Redondo Blvd<br>17 Los Angeles, Ca 90019-1546 | |

| | | |
|---|---|---|
| 15 | | |
| 16 | Alamode Music c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 | American InfoSource LP as agent for<br>T Mobile/T-Mobile USA Inc<br>PO Box 248848<br>Oklahoma City, OK  73124-8848 |
| 17 | | |
| 18 | Central South Distributions<br>1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 | Chase<br>P.O. Box 78420<br>Phoenix, Arizona 85062-8420 |
| 19 | | |
| 20 | Citibank<br>Post Office Box 6004<br>Sioux Falls, South Dakota 57117-6004 | Deutsche Bank National Trust Company<br>700 Kansas Lane<br>Monroe, Arizona 71203-4774 |
| 21 | | |
| 22 | Greenberg & Bass, LLP<br>16000 Ventura Blvd<br>Encino, California 91436-2762 | GS Electronics c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 23 | | |
| 24 | Internal Revenue Service<br>300 N. Los Angeles ST  STOP 5022<br>Los Angeles, CA 90012-3478 | IRM Productions c/o Ivan Rene Moore<br>1236 Redondo Blvd.<br>Los Angeles, California 90019-1546 |
| 25 | | |
| 26 | Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, CA 90019-1546 | Ivan Rene Moore<br>1236 Redondo Blvd<br>Los Angeles, California 90019-1546 |
| 27 | | |
| 28 | | |

SNELL & WILMER
600 Anton Blvd. Suite 1400
Costa Mesa California 92626
Attn: Joshua Partington Esq.
Attorney For
Wells Fargo, Assets Reliance, Craig Hanson, Edward Testo

Ronald Hills
1236 Redondo Boulevard
Los Angeles, CA  90019

**Leonard Dicker & Schreiber**
**10940 Wilshire blvd**
**Suite 2100**
**Los Amgeles Ca 90024**

**FILED & ENTERED**

APR 26 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re:<br><br>KIMBERLY BARBOUR<br><br>Debtor(s). | Case No.: 2:16-bk-22878 BR<br><br>Chapter 7<br><br>**ORDER FINDING IVAN RENE MOORE IN CONTEMPT OF COURT FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. § 524(a) AND IMPOSING SANCTIONS**<br><br>Hearing Date:<br><br>Date:   March 8, 2022<br>Time:   10:00 a.m.<br><br>Date:   April 19, 2022<br>Time:   2:00 p.m.<br>Place:  Courtroom 1668<br>        Roybal Federal Building<br>        255 East Temple Street<br>        Los Angeles, CA 90012 |
|---|---|

This matter is before the Court on the "Order to Show Cause why Ivan Rene Moore Not Be Held In Contempt For His Willful Violation Of The Discharge Injunction" entered by this Court on February 7, 2022.

-1-

For all of the reasons set forth in the "Memorandum Finding Ivan Rene Moore In Contempt Of Court For Willful Violation Of The Discharge Injunction Under 11 U.S.C. § 524(A) And Imposing Sanctions" filed contemporaneously herewith, this Court finds Ivan Moore in contempt of Court for willful violation of the discharge injunction under 11 U.S.C. § 524(a) and hereby imposes sanctions in the amount of $28,828.52. Mr. Moore is **ORDERED** to deliver $28,828.52 by cashier's check or money order, payable and delivered to Leonard, Dicker & Schreiber Client Trust Account, 9430 Olympic Boulevard, Suite 400, Beverly Hills, CA 90212 no later than **5:00 p.m. on May 26, 2022**.

**IT IS SO ORDERED.**

###

Date: April 26, 2022

Barry Russell
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:


IVAN RENE MOORE
1236 S REDONDO BLVD
LOS ANGELES, CA 90019

STEVEN A. SCHUMAN, ESQ.
LEONARD, DICKER & SCHREIBER LLP
10940 WILSHIRE BLVD STE 2100
LOS ANGELES, CA 90024


☐ Service information continued on attached page


Date: 4/26/2022    Signature: _STACEY FORTIER_

Deputy Clerk [printed name]: STACEY FORTIER


CACB Rev. June 2016

FILED & ENTERED

APR 26 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>KIMBERLY BARBOUR,<br><br>Debtor(s). | Case No. 2:16-bk-22878 BR<br><br>Chapter 7<br><br>**MEMORANDUM FINDING IVAN RENE MOORE IN CONTEMPT OF COURT FOR WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION UNDER 11 U.S.C. § 524(a) AND IMPOSING SANCTIONS**<br><br>Hearing Date:<br><br>Date:   March 8, 2022<br>Time:   10:00 a.m.<br><br>Date:   April 19, 2022<br>Time:   2:00 p.m.<br>Place:  Courtroom 1668<br>  Roybal Federal Building<br>  255 East Temple Street<br>  Los Angeles, CA 90012 |

On February 7, 2022 the Court entered an Order to Show Cause why Ivan Rene Moore Not Be Held In Contempt For His Willful Violation Of The Discharge Injunction. On February 22, Mr. Moore filed an opposition to the OSC and on February 23, the debtor filed her reply to Mr. Moore's opposition.

-1-

1  The initial hearing on the OSC was held on March 8, 2022 at 10:00 a.m. at which time Mr. Steven A. Schuman appeared for the debtor and Mr. Moore appeared *in propia persona*. After considering the pleadings and oral argument, the Court found Mr. Moore in contempt of Court for violating the discharge injunction under 11 U.S.C. § 524(a).

At the conclusion of the March 8, 2022 hearing, the Court set a hearing for April 19, 2022 to determine the amount, if any, of compensatory damages should be awarded against Mr. Moore as sanctions for his violation of the discharge injunction.

On March 28, 2022, Mr. Schuman filed his declaration in support of the debtor's request for monetary sanctions requesting damages for attorneys' fees and costs in the amount of $28,828.52.

At the April 19, 2022 hearing, Mr. Schuman appeared for the debtor and Mr. Moore appeared *in propia persona*. After consideration of the pleadings and oral arguments, the Court awarded sanctions against Mr. Moore in the amount of $28,828.52.

The following constitutes the Court's findings of fact and conclusions of law:

## FINDINGS OF FACT

1. On September 3. 2013, the Los Angeles County Superior Court entered a money Judgment in the amount of $3,150,000 in favor of Ivan Rene Moore and against Kimberly Barbour, in *Moore v. Bragg,*, LASC Case No. BC480013.

2. On September 28, 2016, the debtor filed her chapter 7 bankruptcy in this Court.

3. On October 1, 2016, the bankruptcy clerk sent a notice to the debtor's creditors, including Mr. Moore, pursuant to Federal Rules of Bankruptcy Procedure Rule 4004 and 4007, setting January 7, 2017 as the deadline for filing complaints objecting to the debtor's discharge under 11 U.S.C. § 727 and complaints to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4) or (6).

4. On December 9, 2016, Mr. Moore filed a timely complaint to *inter alia*, except from discharge his state court judgment under 11 U.S.C. § 523(a)(2), (4) or (6).

-2-

5.      On January 9, 2017, this Court issued an order granting the debtor's discharge (Docket No. 50).

6.      On September 7, 2017, this Court entered an order sanctioning Mr. Moore $13,000 for failure to comply with a prior discovery order of this Court. He was ordered to pay the $13,000 to debtor's counsel by October 23, 2017 and was told that if he failed to make the payment that the complaint would be dismissed in its entirety.

7.      On November 17, 2017, this Court entered an order dismissing the complaint with prejudice due to Mr. Moore's failure to make the $13,000 payment.

8.      On November 30, 2017, Mr. Moore appealed the order dismissing the complaint to the United States District Court.

9.      On December 20, 2017, District Judge Stephen Wilson dismissed four appeals including the appeal of the sanctions order and the appeal of the dismissal order which provided:

> The Court, on November 22, 2017, upon consideration of the Appellant's response to the Court's order to show cause, granted additional time to file his opening brief.
>
> The appellant, having failed to meet this deadline, and without notification to the Court why he could not comply with the order setting the scheduled has shown a complete disregard for this Court, its orders and deadlines. The appellant has clearly demonstrated a complete lack of interest in pursing this matter.
>
> Therefore, the instant case and all consolidated cases are dismissed.

10.     Upon the dismissal of Moore's appeal, the judgment in *Moore v. Bragg*, LASC Case No. BC480013, was forever discharged, as were all other pre-petition claims.

11.     On September 27, 2021, Moore obtained a writ of execution from the Los Angeles County Superior Court in connection with the judgment in *Moore v. Bragg*, LASC Case No. BC480013. In so doing, Moore violated the discharge injunction.

12.     On November 16, 2021, Moore obtained from the Los Angeles County Superior Court an abstract of the judgment in *Moore v. Bragg*, LASC Case No. BC480013. In so doing, Moore again violated the discharge injunction.

13.     On November 24, 2021, Moore caused a copy of the abstract of judgment to be recorded by the Los Angeles County Recorder's Office. In so doing, Moore again violated the discharge injunction.

14.     This is not the first time that an OSC re contempt has been filed by the debtor against Mr. Moore for violating the debtor's discharge injunction. On August 29, 2017, the debtor filed an OSC against Mr. Moore which was heard before this Court on November 14, 2017 at which time the Court found Moore in contempt for violating the debtor's discharge injunction and set January 23, 2018 for a hearing to determine the amount of sanctions. On March 2, 2018, the Court entered an order (Docket No. 173) imposing sanctions of $10,800 against Moore to be paid within ten days of the entry of the order to debtor's counsel. To date, Moore has not paid the sanction.

15.     The Court finds that Moore knew and understood what it meant when the complaint was dismissed with prejudice, i.e., that it could never be filed again and therefore that the debt was discharged and could not be enforced.

16.     The Court finds that Moore knew and understood that the judgment in *Moore v. Bragg*, LASC Case No. BC480013, had been discharged, and that he willfully and intentionally violated the discharge injunction by obtaining a writ of execution, and by obtaining and causing to be recorded an abstract of judgment.

17.     The Court finds that, by violating the discharge injunction again, Moore caused debtor to suffer damages in the amount of $28,828.52 and Moore will be sanctioned in this amount.

## CONCLUSIONS OF LAW

1. This Court's January 9, 2017 order discharged all prepetition debts of the debtor except as to debts under § 523(a)(2), (4) or (6) subject to a timely filed adversary proceeding. Rule 4007(c) provides that a complaint to determine the dischargeability of a debt under § 523(c), i.e., § 523(a)(2), (4) or (6), shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

2. Section 523(c) provides:

> (c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

3. The time for filing a complaint seeking to except any of the debtor's debts from discharge under § 523(a)(2), (4) or (6) expired on January 7, 2017.

4. Due to the fact that Moore's complaint alleging that his state court judgment was excepted from discharge pursuant to § 523(a)(2), (4) or (6) was dismissed with prejudice on November 17, 2017 and his appeal of that order was dismissed by the District Court on December 20, 2017, he can no longer ask this Court to determine that his judgment was excepted from discharge under § 523(a)(2), (4) or (6).

5. Therefore, pursuant to §§ 523(c)(1) and 524(a), Moore's judgment has been discharged. Because his complaint was dismissed with prejudice, the Court will <u>never</u> determine that his judgment would be excepted from discharge under § 523(a)(2), (4) or (6).

6. The judgment in *Moore v. Bragg*, LASC Case No. BC 480013, has been discharged, and any attempt to enforce that judgment is a violation of the discharge injunction.

7. The writ of execution issued on September 27, 2021, is void.

8. The abstract of judgment issued on November 16, 2021, and recorded on November 24, 2021, in the County of Los Angeles, as document number 20211750778, is void.

9. Moore violated the discharge injunction by obtaining the writ of execution, by obtaining the abstract of judgment and by recording the abstract of judgment.

The Court will enter a separate order concurrently with the entry of this Memorandum finding that Moore is in contempt of Court and imposing sanctions of $28,828.52.

# # #

Date: April 26, 2022

Barry Russell
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

IVAN RENE MOORE
1236 S REDONDO BLVD
LOS ANGELES, CA 90019

STEVEN A. SCHUMAN, ESQ.
LEONARD, DICKER & SCHREIBER LLP
10940 WILSHIRE BLVD STE 2100
LOS ANGELES, CA 90024

☐ Service information continued on attached page

Date: 4/26/2022    Signature: *STACEY FORTIER*

Deputy Clerk [*printed name*]: STACEY FORTIER

CACB Rev. June 2016